FILED
9/18/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
LM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN RODRIGUEZ and<br>DIEGO VALDEZ | Case No. 1:25-cr-00585<br>Judge John J. Tharp, Jr<br>Magistrate Judge Maria Valdez<br>RANDOM/Cat. 4<br><br>Violations: Title 18, United States Code, Sections 371, 922(a)(6), 932(b)(2), and 933(a)(2)<br><br>**<u>UNDERSEAL</u>** |

### COUNT ONE

The SPECIAL JUNE 2024 GRAND JURY charges:

1. At times material to the indictment:

    a. Defendants KEVIN RODRIGUEZ and DIEGO VALDEZ resided in the Northern District of Illinois.

    b. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") was an agency of the United States responsible for licensing and regulating the sale, possession, and transportation of firearms, ammunition, and explosives. As part of its responsibilities, the ATF issued Federal Firearm Licenses to eligible individuals and entities in order to allow these individuals or entities to engage in the business of selling firearms.

    c. The ATF required that any person purchasing a firearm from a Federal Firearms License holder complete a Firearms Transaction Record or ATF Form 4473. A Form 4473 required the purchaser to provide certain identifying information, such as the purchaser's name, address, and date of birth, and to provide

government issued photo identification. The Form 4473 also required the purchaser to answer certain questions in order to ensure the purchase is eligible to buy firearms according to federal law, including whether the purchaser is the actual transferee or buyer of the firearm listed on the form.

        d.      Illinois law made it illegal for private citizens to purchase assault weapons, including AR-15-style weapons. Law enforcement officers, however, were permitted to purchase assault weapons.

        2.      Beginning in or around September 2023, and continuing until in or around December 2023, at Chicago in the Northern District of Illinois, Eastern Division, and elsewhere,

KEVIN RODRIGUEZ and<br>DIEGO VALDEZ,

defendants herein, neither being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, conspired to commit the following offenses against the United States:

        a.      to knowingly make a false and fictitious oral and written statement to a licensed firearm dealer, in connection with the acquisition of firearms, which statement was intended and likely to deceive the licensed firearm dealer with respect to facts material to the lawfulness of the sale of the firearm to defendant, in violation of Title 18, United States Code, Section 922(a)(6); and

        b.      to knowingly transport, transfer, cause to be transported, and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe

that the use, carrying, and possession of a firearm by the recipient would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(1);

   c. to knowingly receive a firearm, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the receipt of such firearm would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(2); and;

   d. to knowingly purchase a firearm, in and affecting interstate and foreign commerce, for, on behalf of, and at the request and demand of DIEGO VALDEZ, knowing that DIEGO VALDEZ intended to use, carry, possess, sell, or otherwise dispose of the firearm in furtherance of a felony, in violation of Title 18, United States Code, Section 932(b)(2).

  3. It was part of the conspiracy that KEVIN RODRIGUEZ and DIEGO VALDEZ agreed that RODRIGUEZ would use his status as a Chicago Police Officer to buy firearms, including an assault weapon, and then give them to VALDEZ so that VALDEZ could smuggle the firearms from Chicago to Mexico for sale.

  4. It was further part of the conspiracy that defendant DIEGO VALDEZ told KEVIN RODRIGUEZ which type of firearms RODRIGUEZ should purchase on VALDEZ's behalf.

  5. It was further part of the conspiracy that defendant KEVIN RODRIGUEZ agreed to purchase an AR-style rifle for defendant DIEGO VALDEZ in Indiana, using his credentials as a Chicago Police Officer.

3

6. It was further part of the conspiracy that defendant DIEGO VALDEZ sent Zelle transfers to defendant KEVIN RODRIGUEZ's bank account in return for funds RODRIGUEZ used to purchase firearms on defendant DIEGO VALDEZ's behalf.

7. It was further part of the conspiracy that defendants KEVIN RODRIGUEZ and DIEGO VALDEZ traveled together from the Northern District of Illinois to the Northern District of Indiana for the purpose of purchasing AR-style firearms.

8. It was further part of the conspiracy that, when defendant KEVIN RODRIGUEZ purchased the firearms from federally licensed firearms dealers in Indiana and Illinois, he falsely stated on ATF Form 4473s that he was the actual buyer of the firearms, when he knew that he was not.

9. It was further part of the conspiracy that, after purchasing firearms in Indiana and Illinois, defendant KEVIN RODRIGUEZ provided defendant DIEGO VALDEZ with the two firearms.

10. It was further part of the conspiracy that defendant DIEGO VALDEZ did not have, and did not apply for, legal permission from the State of Illinois to possess an assault weapon.

11. It was further part of the conspiracy that defendant DIEGO VALDEZ brought the firearms, purchased for him by defendant KEVIN RODRIGUEZ in Illinois and Indiana, to Mexico.

12. It was further part of the conspiracy that defendants KEVIN RODRIGUEZ and DIEGO VALDEZ did conceal and hide, and cause to be concealed and hidden, the purposes of acts done in furtherance of the conspiracy.

Overt Acts

13. In furtherance of, and to accomplish the objectives of the conspiracy, defendants committed and caused to be committed one or more overt acts in the Northern District of Illinois, Eastern Division, and elsewhere, which overt acts included, but were not limited to, the following:

a. On or about September 17, 2024, defendants KEVIN RODRIGUEZ and DIEGO VALDEZ traveled from the Northern District of Illinois to Indiana in order for RODRIGUEZ to purchase a firearm, namely, a Valhalla model WLA15A, 5.56 caliber rifle bearing serial number WAL01242.

b. On or about September 17, 2024, defendant KEVIN RODRIGUEZ purchased a Valhalla model WLA15A, 5.56mm rifle bearing serial number WAL01242 at a federally licensed firearms dealer in Dyer, Indiana.

c. On or about September 17, 2024, defendant DIEGO VALDEZ paid defendant KEVIN RODRIGUEZ $2,000.

d. On or about September 20, 2024, defendant DIEGO VALDEZ paid defendant KEVIN RODRIGUEZ $632.

e. On or about September 21, 2024, defendants KEVIN RODRIGUEZ and DIEGO VALDEZ transported the Valhalla model WLA15A,

5.56mm rifle bearing serial number WAL01242 from the Northern District of Indiana to the Northern District of Illinois.

      f.    On or about September 21, 2024, defendant KEVIN RODRIGUEZ transferred the Valhalla model WLA15A, 5.56mm rifle bearing serial number WAL01242 to VALDEZ.

      g.    On or about September 24, 2024, defendant KEVIN RODRIGUEZ purchased a Valhalla model M4E1, 5.56mm pistol bearing serial number M4-0358413 at a federally licensed firearms dealer in Monee, Illinois.

      h.    On or about September 24, 2024, defendant KEVIN RODRIGUEZ transferred the Valhalla model M4E1, 5.56mm pistol bearing serial number M4-0358413 to defendant DIEGO VALDEZ.

      i.    On or about December 4, 2024, defendant DIEGO VALDEZ transported the Valhalla model WLA15A, 5.56mm rifle bearing serial number WAL01242 and the Valhalla model M4E1, 5.56mm pistol bearing serial number M4-0358413 from the United States to Mexico.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about September 24, 2024, at Monee, Illinois, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEVIN RODRIGUEZ,

defendant herein, in connection with the acquisition of a firearm, namely, a Valhalla model M4E1, 5.56mm pistol bearing serial number M4-0358413, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to the licensed dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of such sale of said firearm to the defendant under chapter 44 of Title 18, in that the defendant represented that he was the actual buyer of the firearm, when he knew that he was not;

In violation of Title 18, United States Code, Section 922(a)(6).

## **COUNT THREE**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about September 24, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

### KEVIN RODRIGUEZ

defendant herein, did knowingly purchase a firearm, namely, a Valhalla model M4E1, 5.56mm pistol bearing serial number M4-0358413, in and affecting interstate and foreign commerce, for, on behalf of, and at the request and demand of DIEGO VALDEZ, knowing that DIEGO VALDEZ intended to use, carry, possess, sell, and otherwise dispose of the firearm in furtherance of a felony;

In violation of Title 18, United States Code, Section 932(b)(2).

## **COUNT FOUR**

The SPECIAL JUNE 2024 GRAND JURY further charges:

On or about September 24, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

DIEGO VALDEZ

defendant herein, did knowingly receive a firearm, namely, a Valhalla model M4E1, 5.56mm pistol bearing serial number M4-0358413, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that such receipt would constitute a felony;

In violation of Title 18, United States Code, Section 933(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

9